**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**DIANE P. FRITZSCH,**

                **Appellant,**                No. 08-cv-0408
                                                             (GLS)

        v.

**RAZZAC ABDULLAH,**

                **Appellee.**
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| **FOR THE APPELLANT:** | |
| Office of Craig R. Fritzsch | CRAIG R. FRITZSCH, ESQ. |
| P.O. Box 561 | |
| 34 Chenango Street | |
| Suite 401 | |
| Binghamton, New York 13902 | |
| | |
| **FOR THE APPELLEE:** | |
| Office of James F. Selbach | JAMES F. SELBACH, ESQ. |
| One Lincoln Center | |
| 110 West Fayette Street | |
| Suite 720 | |
| Syracuse, New York 13202 | |
| | |
| Office of Peter A. Orville | PETER A. ORVILLE, ESQ. |
| 30 Riverside Drive | |
| Binghamton, New York 13905 | |

**Gary L. Sharpe**
**U.S. District Judge**

## **SUMMARY ORDER**

On April 28, 2008, the court issued a Text Only Order in which Appellant Diane Fritzsch was granted ten days in which to advise the court why her appeal should not be dismissed for non-compliance with the bankruptcy rules. To date, Fritzsch has submitted nothing in response to the court's order. In spite of this failure, the court is not yet prepared to dismiss the appeal, because it appears that the Certificate of Non-Compliance may have been issued in error.

The Certificate of Non-Compliance indicates that Fritzsch has not complied with Rule 8006 of the Federal Rules of Bankruptcy Procedure. That Rule provides, in part:

> Within 10 days after filing the notice of appeal as provided by Rule 8001(a), entry of an order granting leave to appeal, or entry of an order disposing of the last timely motion outstanding of a type specified in Rule 8002(b), whichever is later, the appellant shall file with the clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented.

FED. R. BANK. P. 8006. In this case, it appears that the Clerk treated Fritzsch's appeal as an appeal as of right under Rule 8001(a), and calculated the expiration of the 10-day deadline by reference to the filing of

2

the notice of appeal.  However, the appeal should not have been treated as an appeal as of right, because the Bankruptcy Court Order from which Fritzsch appeals is not final.  The Bankruptcy Court Order found that Fritzsch had willfully violated the automatic stay and provided that a hearing on the amount of damages resulting from such violation would be scheduled for a later date.  A bankruptcy court order finding that a creditor has violated the automatic stay does not become final until damages are calculated.  *See Shimer v. Fugazy (In re Fugazy Express, Inc.),* 982 F.2d 769, 775-76 (2d Cir. 1992); *Guy v. Dzikowski (In re Atlas),* 210 F.3d 1305, 1307-08 (11th Cir. 2000).  Therefore, Fritzsch's appeal was not as of right under Rule 8001(a), but instead should have been treated as a motion for leave to appeal from an interlocutory judgment under Rules 8001(b) and 8003.[1]  Accordingly, because this court has yet to issue an order granting Fritzsch leave to appeal, Fritzsch's failure to designate the record and issues on appeal is not yet untimely under Rule 8006; as set forth above, that Rule gives Fritzsch 10 days from the "entry of an order granting leave to appeal."  FED. R. BANK. P. 8006.

---

[1] Rule 8003 provides that in the event an appellant fails to file the required motion for leave to appeal, the court should consider the notice of appeal as a motion for leave to appeal. FED. R. BANK. P. 8003(c).

3

Nevertheless, on the basis of the current record the court is unable to determine whether leave to appeal should be granted.  In determining whether to grant leave to appeal an interlocutory order of the bankruptcy court, district courts generally apply the statutory standard, set forth in 28 U.S.C. § 1292(b), governing interlocutory appeals of the district court to the Court of Appeals.  *See, e.g., Ellsworth v. Myers (In re Cross Media Mktg. Corp.),* No. 07-cv-878, 2007 WL 2743577 (S.D.N.Y. Sept. 19, 2007); *In re Adelphia Commc'ns Corp.,* 333 B.R. 649, 658 (S.D.N.Y. 2005).  Under that standard, the appellant must show that the challenged order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation."  *See* 28 U.S.C. § 1292(b).

The court will grant Fritzsch an additional 10 days in which to file a brief, not to exceed five pages in length, informing the court why leave to appeal should be granted.  Following the submission of Fritzsch's brief, the appellee shall have 10 days in which to submit a responsive brief, not to exceed five pages in length.  No reply brief will be permitted.  **No extension of time will be granted.  If Fritzsch fails to submit the**

4

**requested brief, her appeal will be dismissed.**

**WHEREFORE,** for the foregoing reasons, it is hereby

**ORDERED** that within 10 days of the date of this Summary Order, Fritzsch shall submit a brief, not to exceed five pages in length, explaining why leave to appeal should be granted; and it is further

**ORDERED** that within 10 days of the filing of Fritzsch's brief, the appellee shall file a responsive brief, not to exceed five pages in length; and it is further

**ORDERED** that if Fritzsch fails to submit the requested brief, her appeal shall be dismissed without further order of the court.

**IT IS SO ORDERED.**

Albany, New York
Dated: July 16, 2008

*/s/ Gary L. Sharpe*
Gary L. Sharpe
U.S. District Judge